UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL J. JENSEN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00942-AGF |
| | ) | |
| DENISE HACKER, | ) | |
| | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the pro se petition of Daniel J. Jensen, a detainee at the Southeast Missouri Mental Health Center, for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. ECF No. 1. Petitioner was adjudged by a jury to be a sexually violent predator and ordered to be civilly committed to the custody of the department of Mental Health and confined in a secure facility until such time as his mental abnormality is so changed that he is safe to be at large.

In his federal habeas petition, Petitioner raises four grounds for relief: 1) Petitioner challenges the trial court's denial of his first motion to dismiss; 2) Petitioner argues that the trial court failed to instruct the jury to unanimously agree that he suffered from a specific mental abnormality; 3) Petitioner challenges the trial court's denial of his first motion in limine seeking to prevent a gratuitous recitation of facts; and 4) Petitioner challenges the trial court's denial of his second motion in limine seeking to prevent

evidence of prior bad acts and character evidence. For the reasons set forth below, habeas relief will be denied.[1]

## BACKGROUND

### Criminal Plea and Medical Evaluation

Petitioner pled guilty to one count of child molestation in the first degree and one count of incest in July 2004. Resp. Ex. C at 2. He was sentenced to consecutive prison terms of 14 years for first-degree child molestation and 4 years for incest. *Id*. at 2-3.

While serving his sentences, Petitioner enrolled in the Missouri Sex Offender Treatment Program. *Id*. at 3. Petitioner was evaluated by a doctor prior to his intended release date who determined that he met the statutory definition of a sexually violent predator.[2] *Id*. at 3-4. As required, the doctor referred Petitioner's case to a

---

[1]  Petitioner has not submitted any briefing in support of his pro se petition for a writ of habeas corpus, and his stated grounds for relief and supporting facts provide scant detail from which to infer his arguments. Plaintiff did attach, however, his prior briefing filed with the Missouri Court of Appeals as an exhibit to his petition. Petit. Ex. 1. This Court, therefore, understands Petitioner's arguments for a writ of habeas corpus to mirror those made in his prior appeal.

[2]  Under Mo. Rev. Stat. § 632.480, a "sexually violent predator" is defined as "any person who suffers from a mental abnormality which makes the person more likely than not to engage in predatory acts of sexual violence if not confined in a secure facility and who:
   (a) Has pled guilty or been found guilty in this state or any other jurisdiction, or been found guilty not by reason of mental disease or defect pursuant to section 552.030 of a sexually violent offense; or

   (b) Has been committed as a criminal sexual psychopath pursuant to section 632.475 and statutes in effect before August 13, 1980.

2

multidisciplinary team who then referred Petitioner's case to the attorney general.[3]  *Id*. All reached the same conclusion and determined that Petitioner met the statutory definition of a sexually violent predator.  *Id*.

**Civil Commitment**

In August 2017, the State of Missouri filed a petition in the Circuit Court of Randolph County, Missouri, against Petitioner, alleging that he suffered from a mental abnormality which made it more likely than not that he would "engage in predatory acts of sexual violence" if released from confinement.  *Id*. at 4-5.  The State sought a determination as to whether Petitioner was a sexually violent predator, and if so, to commit him to the custody of the Department of Mental Health for "control, care, and treatment until such time as his mental abnormality has so changed that he is safe to be at large."  *Id*.

In September 2017, Petitioner was also terminated from the Missouri Sex Offender Treatment Program for tardiness, failure to provide complete information, lying, and an unwillingness to change.  *Id*. at 5.   Subsequently, on September 27, 2017,

---

[3]     Under Mo. Rev. Stat. § 632.483, the Missouri Department of Corrections is required to follow a multi-step process when it determines that an individual meets the definition of a sexually violent predator.  First, it must give written notice to the attorney general and a multidisciplinary team consisting of members from the Department of Mental Health and the Department of Corrections.  The multidisciplinary team must then independently assess whether the individual meets the definition of a sexually violent predator and notify the attorney general of its assessment.  Separately, a prosecutor's review committee then reviews the records referred to the attorney general to make its own independent determination of whether the individual meets the definition of a sexually violent predator.

3

Petitioner's anticipated date of release was canceled, and he was rescheduled for release on his "maximum release date" of March 24, 2022.[4]

In November 2017, Petitioner, through appointed counsel, filed a motion to dismiss the State's commitment petition, arguing that because the State filed its petition more than 360 days in advance of his amended date for release, it was premature, and the circuit court lacked jurisdiction to hear the case. *Id*. The circuit court denied Petitioner's motion and proceeded toward a jury trial scheduled for December 2018. *Id*. On November 30, 2018, the circuit court heard arguments on evidence the State intended to introduce at trial. Resp. Ex. E at 24-30.

Petitioner, through counsel, raised several motions in limine, including as pertinent here, one motion to preclude gratuitous recitation of facts and a second motion to preclude introducing prior bad acts and character evidence. *Id*. at 24-25. The circuit court denied both motions as overly broad, recognizing that the State's experts needed to discuss relevant factual evidence of Petitioner's conduct in order to explain how they arrived at their opinions. *Id*. at 25-30. The circuit court directed Petitioner however, to re-raise his objections later for consideration if and when he felt that specific information raised by the experts was overly prejudicial or improper. *Id*.

At trial, the State presented expert testimony that Petitioner suffered from a mental abnormality which predisposed him to commit sexually violent offenses, and Petitioner

---

[4] Plaintiff's original anticipated date of release was November 27, 2017. Resp. Ex. C at 5.

4

presented his own expert testimony that he did not suffer from a mental abnormality, despite suffering from a pedophilic disorder. *Id*. at 5-8. Prior to deliberations, the trial court provided the following instruction to the jury:

> If you believe the evidence clearly and convincingly establishes:
>
> First, that the respondent was found guilty of child molestation first degree in the Circuit Court of Randolph County, State of Missouri, and
>
> Second, that the offense for which the respondent was convicted was a sexually violent offense, and
>
> Third, that the respondent suffers from a mental abnormality, and
>
> Fourth, that this mental abnormality makes the respondent more likely than not to engage in predatory acts of sexual violence if he is not confined in a secure facility,
>
> Then you will find that the respondent is a sexually violent predator.
>
> However, unless you find and believe the evidence has clearly and convincingly established each and all of these propositions, you must find the respondent is not a sexually violent predator.
>
> As used in this instruction, "sexually violent offense" includes the offence of child molestation first degree.
>
> As used in this instruction, "mental abnormality" means a congenital or acquired condition affecting the emotional or volitional capacity that predisposes the person to commit sexually violent offenses in a degree that causes the individual serious difficulty in controlling his behavior.
>
> As used in this instruction, "predatory" means acts directed towards individuals, including family members, for the primary purpose of victimization.

Resp. Ex. C at 13-14.

The trial court also advised the jury that "[the] verdict must be unanimous and must be signed by each juror." *Id*. at 13.  Petitioner proposed his own verdict form which asked the court to include the following language:

> We, the jury, find the respondent suffers from _____ (enter diagnosis or diagnoses) which is a mental abnormality as defined under Instruction No._____.

Resp. Ex. C at 14.

The court rejected the proposed verdict form, and the jury found Petitioner to be a sexually violent predator.  The court entered a judgment ordering him to be civilly committed.  *Id*. 5-8.  Petitioner then appealed to the Missouri Court of Appeals.  *Id*. at 8.

**Direct Appeal**

On direct appeal, Petitioner, through appointed counsel, raised two arguments: (1) the circuit court erred by denying his motion to dismiss the State's commitment petition; and (2) the verdict form and companion instruction submitted to the jury violated his statutory right to a unanimous verdict.  *Id*. at 9 and 13.

In his first argument, Petitioner contended that Mo. Rev. Stat. § 632.483.1 required the State to file a petition to commit a suspected sexually violent predator "within 360 days of his anticipated release date" and that the State improperly filed its commitment petition when it filed it more than 360 days before Petitioner's rescheduled release date.  *Id*. at 9.  Petitioner argued that the improper filing deprived the circuit court of subject matter jurisdiction because his case was not yet ripe.  *Id*.  The Court of Appeals rejected this argument, finding that the Missouri Supreme Court already determined that

the requirements prescribed in Mo. Rev. Stat. § 632.483 are not jurisdictional.[5] The Court of Appeals further held that the statute was not violated in any event. Specifically, the appellate court held that "[t]he statute clearly mandates that notice be given to the attorney general and the multidisciplinary team within 360 days of the individual's *anticipated* release, not his *guaranteed* (or actual) release date," and that such notice was timely provided here within 360 days of Petitioner's then-anticipated release date of November 24, 2017. *Id.* at 12 (emphasis in original). The court thus held that the State satisfied all of the statutory notice and filing requirements and that therefore the State's commitment petition was properly filed. *Id*. at 10-12.

In his second argument, Petitioner claimed that the verdict form and instruction submitted to the jury at his trial violated his right to a unanimous verdict by not requiring unanimity on the specific mental abnormality Petitioner suffered from. *Id*. at 13-16. The Court of Appeals rejected Petitioner's argument, however, finding that the Missouri Supreme Court had recently decided that Missouri law merely required the jury to unanimously agree that Petitioner suffered from "a mental abnormality."[6] *Id*. at 16.

---

[5]     "The petition to have [respondent] declared an SVP was filed in the probate division of the circuit court in which he was convicted or committed. That court has personal jurisdiction over him and subject matter jurisdiction to determine SVP proceedings. Secs. 632.486, 632.489, 472.020. Accordingly, the circuit court had jurisdiction to proceed. Any failure by the department to comply with all statutory requirements in support materials provided with the notice it gave the attorney general is subject to analysis to determine whether that error caused a failure of proof, whether it was waived, whether it was prejudicial and similar issues." *State ex rel. State v. Parkinson*, 280 S.W.3d 70, 75 (Mo. banc 2009).

[6]     "Section 632.480(2) requires a jury to find only the existence of a mental abnormality that increases Offender's likelihood of committing predatory acts of sexual

7

The Court of Appeals affirmed the judgment of the Circuit Court on August 18, 2020.[7]

**Federal Habeas Petition**

As noted above, Petitioner raised four grounds for federal habeas relief: 1) the denial of his first motion to dismiss the State's commitment petition; 2) the Circuit Court's failure to instruct the jury to unanimously agree that he suffered from a specific mental abnormality; 3) the Circuit Court's denial of Petitioner's first motion in limine seeking to prevent a gratuitous recitation of facts; and 4) the Circuit Court's denial of Petitioner's second motion in limine seeking to prevent evidence of prior bad acts and character evidence.

Respondent argues that the petition should be denied because: (1) Petitioner's first and second grounds for relief raise the same arguments raised on appeal, and the Missouri Court of Appeals is entitled to deference; and (2) Petitioner's remaining claims are procedurally defaulted and otherwise meritless.

---

violence, not unanimity on the precise nature of the abnormality." *In re D.N.*, 598 S.W.3d 108, 120 (Mo. banc 2020).

[7] It is unclear whether Petitioner ever filed an application for transfer to the Missouri Supreme Court or filed any subsequent motion for post-conviction relief in state court. This Court has reviewed Missouri Case.net, which has no record of any further motion or application; however, the entries stop in November 2022.

8

# DISCUSSION

## Legal Standard

Federal habeas relief is available to a person in state custody "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Relief is available to challenge a state court order of civil commitment. *Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Rick v. Harpstead*, No. 23-2359, 2024 WL 3615453, at *2 (8th Cir. Aug. 1, 2024). Where a claim has been adjudicated on the merits in state court, the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that habeas relief cannot be granted unless the state court's adjudication:

1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d).

"A state court decision is 'contrary to' clearly established federal law if the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law, or if the state court confronts facts that are materially indistinguishable from relevant Supreme Court Precedent yet reaches the opposite result." *Zornes v. Bolin*, 37 F.4th 1411, 1414 (8th Cir. 2022) (citing *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)).

9

The unreasonable application standard applies if the state court "identifies the correct governing legal principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Bookwalter v. Vandergriff*, 73 F.4th 622, 624 (8th Cir. 2024) (citing *Nash v. Russell*, 807 F.3d 892, 897 (8th Cir. 2015). A petitioner must show that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id*. (citing *White v. Woodall*, 572 U.S. 415, 419-20 (2014).

The state's factual determinations are presumed correct, and the petitioner bears the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). The existence of some contrary evidence does not establish that a state court's factual determination was unreasonable, nor is the determination unreasonable "merely because the federal habeas court would have reached a different conclusion in the first instance." *Wood v. Allen*, 558 U.S. 290, 301 (2010).

**Procedurally Defaulted Claims (Claims 3 and 4)**

Under the doctrine of procedural default, "a federal court will not entertain a procedurally defaulted constitutional claim in a petition for habeas corpus absent a showing of cause and prejudice to excuse the default. *Marcyniuk v. Payne*, 39 F.4th 988, 995 (8th Cir. 2022) (citing *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007); *see also Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[8] To establish cause for a procedural

---

[8] In circumstances involving custody following criminal conviction, a court may also excuse default upon a showing of actual innocence such that a miscarriage of justice would

10

default, petitioner must demonstrate that some objective factor external to the defense impeded his efforts to comply with state procedural requirements. *Coleman*, 501 U.S. at 750. "If a petitioner has not presented his habeas corpus claim to the state court, the claim is generally defaulted." *Marcyniuk*, 39 F.4th at 995 (citing *Anderson v. Kelley*, 938 F.3d 949, 954 (8th Cir. 2019).

The Court agrees with Respondent that Petitioner's Claims 3 (the circuit court's denial of Petitioner's first motion in limine seeking to prevent gratuitous recitation of facts) and 4 (the circuit court's denial of Petitioner's second motion in limine seeking to prevent evidence of prior bad acts and character evidence) were procedurally defaulted in state court.

Petitioner did not pursue these claims on his direct appeal. In Missouri, "a claim [must] be presented 'at each step of the judicial process' in order to avoid default." *Jolly v. Gammon,* 28 F.3d 51, 53 (8th Cir. 1994) (quoting *Benson v. State*, 611 S.W.2d 538, 541 (Mo. Ct. App. 1980)).

Petitioner does not even attempt to demonstrate any cause or prejudice sufficient to excuse his default.[9] Additionally, there is no evidence on the record which indicates

---

result by failing to consider the claim. *Murphy v. King*, 652 F.3d 845, 849-50 (8th Cir. 2011). However, claims of actual innocence are not sufficient to excuse procedural default in the context of civil commitment. *See Harpstead*, 2024 WL 3615453 at *4 (declining to import the actual-innocence exception into civil commitment cases).

[9]   To the extent that Petitioner is arguing that his appellate counsel was ineffective for failing to raise these claims on direct appeal (which is not at all clear from the petition), such ineffective assistance claims were procedurally defaulted as Petitioner never raised them in any proceeding before the state courts. Nor could Petitioner demonstrate ineffective assistance as the underlying claims are without merit. *See, e.g., Dodge v.*

11

that petitioner's failure to raise these claims resulted from any objective external factor to his defense. Therefore, there exists no cause for his procedural default and the Court's review of Claims 3 and 4 is barred from review.

**Remaining Claims (Claims 1 and 2)**

Plaintiff's first ground for relief appears to re-state his first argument on direct appeal, namely, that the trial court erred when it denied his motion to dismiss the State's commitment petition as untimely. The Missouri Court of Appeals, relying upon Missouri Supreme Court precedent, rejected Petitioner's argument, and held that the statutory notice and filing requirements of Mo. Rev. Stat § 632.483 were satisfied.

Plaintiff's second ground for relief appears to re-state his second argument on direct appeal, namely, that the trial court erred when it failed to submit Petitioner's preferred verdict form that would have required the jury to unanimously state which mental abnormality or abnormalities they found required Petitioner to be remanded to the care and treatment of the Department of Mental Health. The Missouri Court of Appeals,

---

*Robinson*, 625 F.3d 1014, 1019 (8th Cir. 2010) (holding that counsel's failure to assert such a meritless objection does not constitute ineffective assistance). Even if the trial court's rulings on Petitioner's motions in limine were preserved for appellate review, Petitioner has not shown that an appeal of those rulings would be successful on the merits. Rather, the trial court's evidentiary rulings appear to be consistent with Missouri law. *See Care and Treatment of Morgan v. State*, 176 S.W.3d 200, 208 (Mo. App. W.D. 2005) ("past predatory acts of sexual violence are admissible to show that the alleged SVP is more likely than not to engage in future predatory acts of sexual violence"); *Matter of Care and Treatment of Lester Bradley v. State*, 554 S.W.3d 440, 454 (Mo. App. W.D. 2018) ("questions regarding the sources and bases of an expert's opinion affect the weight rather than the admissibility of the opinion"). Certainly, Petitioner has not demonstrated that any evidentiary error in this respect violated clearly established federal law. Nor has Petitioner demonstrated prejudice, in light of the overwhelming evidence that Petitioner qualified as a sexually violent predator.

relying upon Missouri Supreme Court precedent, rejected Petitioner's argument and held that Missouri law only required the jurors to be instructed that they had to unanimously agree that Petitioner suffered from "a" mental abnormality.

"In the habeas context, rules of evidence and trial procedure are usually matters of state law." *Bucklew*, 436 F.3d at 1018. "It is not the province of a federal habeas court to reexamine state court determinations on state-law questions." *Estelle v. McGuire*, 502, U.S. 63, 67-68 (1991); *Schleeper v. Groose*, 36 F.3d 735, 737 (8th Cir. 1994) (a federal court may not re-examine a state court's interpretation and application of state law). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the constitution, laws or treaties of the United States. *Id*. at 68. "A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Bucklew*, 436 F.3d at 1018.

The state court's adjudication of Petitioner's claims here was neither "contrary to" clearly established law nor an unreasonable application of clearly established law. In his briefing through counsel to the Missouri Court of Appeals, Petitioner argued that the denial of his motion to dismiss and the court's failure to instruct the jury that they must unanimously agree that Petitioner suffered from a specific mental abnormality violated his due process rights under the Fourteenth Amendment. Resp. Ex. A at 12-13. However, Petitioner never cited to any Supreme Court precedent to support an argument that the state court applied a rule that contradicts governing law set forth in Supreme Court cases or that the state court applied any Supreme Court precedents in an objectively

13

unreasonable manner. 28 U.S.C. § 2254(d). Nor would any additional citation by Petitioner be persuasive.

While the Supreme Court has recognized that the due process clause places constraints on the use of civil commitment statutes, it has upheld statutes "when they have coupled proof of dangerousness with proof of some additional factor, such as a 'mental illness' or 'mental abnormality.'" *Kansas v. Hendricks*, 521 U.S. 346, 358 (1997). And the Supreme Court has left it to the states to set their own procedural requirements for civil commitments, including requirements for commitment as a sexually violent predator. *Poole v. Goodno*, 225 F.3d 705, 708 (8th Cir. 2003). In particular, the criteria to satisfy due process are as follows:

> (1) "The confinement takes place pursuant to proper procedures and evidentiary standards," (2) there is a finding of "dangerousness either to one's self or to others," and (3) proof of dangerousness is "coupled…with the proof of some additional factor, such as a "mental illness" or "mental abnormality."

*Kansas v. Crane*, 534 U.S. 407, 409-10 (quoting *Hendricks*, 521 U.S. at 357-58).

All criteria were satisfied in the adjudication by the state court. Missouri courts are authorized to interpret the procedural requirements for their own State statutes and to determine which are jurisdictional. Further, there is no clearly established Supreme Court law which holds that due process requires a jury trial in civil commitment proceeding, *Poole*, 335 F.3d at 710–11, let alone a unanimous jury verdict as to a particular mental abnormality suffered. Because the Court may not re-examine an issue of state law, and it cannot be said that the state court's adjudication of the instant claims resulted in a decision that was contrary to or involved an unreasonable application of

14

clearly established federal law, Petitioner's first and second grounds cannot support a grant of federal habeas relief.

## CONCLUSION

The Court concludes that Petitioner is not entitled to federal habeas relief. The Court does not believe that reasonable jurists might find the Court's assessment of the procedural or substantive issues presented in this case debatable or wrong, for purposes of issuing a Certificate of Appealability under 28 U.S.C. § 2254(d)(2). *See Buck v. Davis*, 580 U.S. 100, 115 (2017) (standard for issuing a Certificate of Appealability) (citing *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)).

Accordingly,

**IT IS HEREBY ORDERED** that the petition of Daniel J. Jensen for a writ of habeas corpus relief is **DENIED.**

**IT IS FURTHER ORDERED** that a certificate of appealability shall not be issued.

A separate Judgment shall accompany this Memorandum and Order.

Dated this 15th day of August, 2024

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE